IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRACIE BOUDREAUX, | § |
| | § |
| *Plaintiff,* | § |
| | §  CIVIL ACTION NO. |
| v. | § |
| | § |
| STELLAR RECOVERY, INC., | § |
| | § |
| *Defendant.* | § |
| | § |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Tracie Boudreaux ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

2. Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Tracie Boudreaux ("Plaintiff"), is a natural person residing at all relevant times in the State of Texas, County of Harris, and City of Houston.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. Defendant, Stellar Recovery, Inc. ("Stellar"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Stellar.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Stellar, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Stellar.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In connection with the collection of the above-described alleged debt in default, Stellar by and through its agent and/or employee "Sara", placed a call to Plaintiff on July 20, 2012 at 3:33 P.M.

13. Stellar's July 20, 2012 communication was its initial communication with Plaintiff.

14. During the July 20, 2012 conversation, "Sara" stated that Plaintiff owed $85.59 on a Comcast account ending in 4159 ("the Debt").

15. During the July 20, 2012 conversation, "Sara" stated that Stellar will report the Debt on Plaintiff's credit report if payment arrangements were not made.

16. During the July 20, 2012 conversation, Plaintiff orally disputed the Debt and stated that the account was paid in full on April 19, 2011.

17. During the July 20, 2012 conversation, Stellar failed to give Plaintiff the statutorily prescribed notices pursuant to 15 U.S.C. § 1692g

18. Subsequently, Plaintiff did not receive a written notice pursuant to 15 U.S.C. § 1692g.

19. Upon information and good-faith belief, Defendant never sent Plaintiff a written notice pursuant to 15 U.S.C. § 1692g.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g

20. Plaintiff repeats and re-alleges each and every allegation contained above.

21. Stellar violated 15 U.S.C. § 1692g by failing to give Plaintiff notice of the information prescribed by 15 U.S.C. § 1692g in the manner required by 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Stellar violated 15 U.S.C. § 1692g;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Martha Beard-Duncan
Martha Beard-Duncan
Texas State Bar # 24053094
Southern District Bar # 1155646
MBeard-Duncan@attorneysforconsumers.com
Weisberg & Meyers, LLC
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
Telephone: (888) 595-9111 ext. 350
Facsimile: (866) 565-1327

*Attorney for Plaintiff*
TRACIE BOUDREAUX