IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACIE BOUDREAUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 4:12-CV-3384 |
| | § | |
| STELLAR RECOVERY, INC., | § | |
| | § | |
| Defendant. | § | |

## ANSWER

COMES NOW Defendant Stellar Recovery, Inc., (hereinafter "Stellar") by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint states the following:

### NATURE OF ACTION

1. Stellar admits that this Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), but denies any such violation has occurred or that Plaintiff has any right to relief herein.

2. Stellar admits that Plaintiff seeks monetary damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), but denies any such violation has occurred or that Plaintiff has any right to relief herein.

3. Stellar admits the allegation in Paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4. Stellar admits that generally, jurisdiction of this Court is appropriate pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), but denies that Plaintiff has any right to relief herein.

5. Stellar makes no objection to venue as alleged in Paragraph 5 of Plaintiff's Complaint.

## PARTIES

6. Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint, and therefore, denies the same for the present time.

7. Stellar denies the allegation in Paragraph 7 of Plaintiff's Complaint. This allegation requires a legal conclusion regarding the cited statute.

8. Stellar denies the allegation in Paragraph 8 of Plaintiff's Complaint. This allegation requires a legal conclusion regarding the cited statute.

## FACTUAL ALLEGATIONS

9. Stellar admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore, denies the same for the present time.

11. Stellar admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Stellar admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Stellar admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint, and therefore, denies the same for the present time.

15. Stellar lacks sufficient knowledge to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore, denies the same for the present time.

16. Stellar admits that Plaintiff orally disputed the debt. Stellar lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

17. Stellar denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Stellar admits that Plaintiff did not receive a written notice, but denies that the same constitutes a violation of the FDCPA as alleged.

19. Stellar admits that it did not send a written notice, but denies that the same constitutes a violation of the FDCPA as alleged.

## COUNT I – FDCPA

20. Stellar reincorporates and re-alleges its responses to Paragraphs 1 through 19 above, as if fully set forth herein.

21. Stellar denies the allegations in Paragraph 21 of Plaintiff's Complaint. These allegations require a legal conclusion.

## JURY TRIAL DEMAND

22. Stellar denies that Plaintiff has any claim herein, and therefore, denies that Plaintiff is entitled to Trial by Jury as alleged in his Complaint.

## PRAYER FOR RELIEF

23. Stellar denies that Plaintiff is entitled to any damages, fees, costs, other awards, or findings in her favor, as requested in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Stellar affirmatively states that it informed Plaintiff it was closing the account, and that after the telephone call in question it immediately returned the account to the creditor and engaged in no further collection activity.

3.      Defendant Stellar affirmatively states that it maintains thorough training procedures for all employees who participate in collection communications. Any collection communication, which may have allegedly violated the Fair Debt Collection Practices Act ("FDCPA"), may be subject to a *bona fide error* defense. Defendant Stellar has policies and procedures in place, including rigorous and thorough training of its employees, to prevent the very conduct that Plaintiff alleges. Thus, even if the alleged conduct were to be attributed to Defendant Stellar and were to be construed as a violation of the FDCPA, it was the result of a bona fide error that occurred despite Defendant Stellar's policies and procedures to prevent such violations. The law on this issue provides that a debt collector will be shielded from liability if it shows that any violation was "(1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006); 15 U.S.C. 1692k(c).

WHEREFORE, Stellar prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
XERXES MARTIN
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2012, I electronically filed the foregoing Answer And Affirmative Defenses of Defendant Stellar Recovery, Inc. with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Noah Daniel Radbil
Weisberg Meyers, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
(888) 595-9111 ext. 275
noah.radbil@attorneysforconsumers.com
ATTORNEY FOR PLAINTIFF

/s/Robbie Malone
ROBBIE MALONE